UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs

NELSON HERNANDEZ-TORRES

Case Number: 2:15-cr-108-FtM-38MRM

USM Number: 63038-018

George Ellis Summers, Jr., AFPD
Suite 301
1514 Broadway
Ft Myers, FL 33901

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count One of the Indictment. Accordingly, the Court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 8 U.S.C. § 1326(a) | Illegal Reentry After Deportation | July 18, 2015 | One |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, as modified by United States v. Booker, 543 US 220 (2005).

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

January 11, 2016

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

January 11, 2016

AO 245B (Rev. 4/09) Judgment in a Criminal Case

Nelson Hernandez-Torres
2:15-cr-108-FtM-38MRM

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **TIME SERVED**.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

AO 245B (Rev. 4/09) Judgment in a Criminal Case

Nelson Hernandez-Torres
2:15-cr-108-FtM-38MRM

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 1 year.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The mandatory drug testing requirements of the Violent Crime Control Act are imposed.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

AO 245B (Rev. 4/09) Judgment in a Criminal Case

**Nelson Hernandez-Torres**
**2:15-cr-108-FtM-38MRM**

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. Pursuant to 18 U.S.C. §3583(d), the defendant is to be delivered, upon release from imprisonment, to a duly authorized immigration official to determine if removal is appropriate, should removal be ordered, the defendant is to remain outside the United States, unless authorized by the Secretary for the Department of Homeland Security or the appropriate immigration authority.

2. The defendant shall cooperate in the collection of DNA, as directed by the Probation Officer.

3. The mandatory drug testing requirements of the Violent Crime Control Act are imposed.

AO 245B (Rev. 4/09) Judgment in a Criminal Case

Nelson Hernandez-Torres
2:15-cr-108-FtM-38MRM

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | Waived | $0.00 |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

Special Assessment in the amount of **$100.00** is due in full and immediately.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 4/09) Judgment in a Criminal Case